# Exhibit A

US007644900B2

## (12) United States Patent
### Yap et al.

(10) Patent No.: **US 7,644,900 B2**
(45) Date of Patent: **Jan. 12, 2010**

(54) **PORTABLE HANGER FOR PURSE**

(75) Inventors: **Kalika N. Yap**, Santa Monica, CA (US);
**Catherine A. Mangan**, Dupont, PA (US)

(73) Assignee: **Luxe Link, LLC**, Santa Monica, CA (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 122 days.

(21) Appl. No.: **11/504,328**

(22) Filed: **Aug. 15, 2006**

(65) **Prior Publication Data**

US 2008/0042032 A1      Feb. 21, 2008

(51) **Int. Cl.**
*F16B 45/00* (2006.01)

(52) **U.S. Cl.** ...................... **248/304**; 248/308; 248/215; 248/914; 223/120

(58) **Field of Classification Search** ................. 248/215, 248/206.5, 304, 308, 324, 339, 914, 687, 248/690, 691, 692, 693; 223/120
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 1,819,768 A | | 8/1931 | Coffing |
| 2,473,086 A | * | 6/1949 | Montero ..................... 248/308 |
| 2,490,405 A | | 12/1949 | Bloom et al. |
| 2,521,037 A | * | 9/1950 | Brinton ..................... 211/85.3 |
| 2,532,255 A | * | 11/1950 | Davis ..................... 248/215 |
| 2,631,803 A | * | 3/1953 | Meyers ..................... 248/215 |
| 2,692,108 A | * | 10/1954 | Neivert ..................... 248/215 |
| 3,289,985 A | * | 12/1966 | Sheiman ..................... 248/95 |
| 3,321,166 A | * | 5/1967 | Gordon ..................... 248/205.5 |
| 3,465,543 A | * | 9/1969 | Baker ..................... 63/15.5 |
| D229,870 S | | 1/1974 | Czarny |
| 3,860,210 A | * | 1/1975 | Berardinelli et al. ........ 248/308 |
| 4,118,001 A | * | 10/1978 | Serkez ..................... 248/308 |
| 5,094,417 A | | 3/1992 | Creed |
| D384,505 S | | 10/1997 | Stewart |
| 5,895,018 A | * | 4/1999 | Rielo ..................... 248/206.5 |
| 5,926,925 A | * | 7/1999 | Hicks ..................... 24/303 |
| D429,899 S | | 8/2000 | Schwartz |
| 7,516,929 B2 | * | 4/2009 | Brustein et al. ............ 248/304 |
| 2005/0082319 A1 | * | 4/2005 | Caroselli et al. ............ 223/120 |
| 2005/0161570 A1 | * | 7/2005 | Bauerly ..................... 248/317 |
| 2006/0108497 A1 | * | 5/2006 | Miranda ..................... 248/690 |

OTHER PUBLICATIONS

Dangle-it, Author Unkown, http://dangle-it.com/index.html, Aug. 16, 2006.
PursePal, Author Unkown, http://purse-pal.com, Aug. 16, 2006.

* cited by examiner

*Primary Examiner*—Anita M King
(74) *Attorney, Agent, or Firm*—Roeder & Broder LLP; James P. Broder

(57) **ABSTRACT**

A portable hanger for hanging a purse from a table has a base adapted to rest upon and frictionally engage the table. A plurality of links are pivotally linked to each other in series to form a chain having a first link and a last link. A pivot pin pivotally connects the base and the first link of the plurality of links. The plurality of links are adapted for pivot between a stored configuration in which the plurality of links are positioned generally adjacent the perimeter of the base, and an operative configuration in which the plurality of links form a hook adapted for hanging the purse.

**23 Claims, 3 Drawing Sheets**





*Fig. 1*



*Fig. 2*



*Fig. 3*

*Fig. 4*

*Fig. 5*

US 7,644,900 B2

1

# PORTABLE HANGER FOR PURSE

## CROSS-REFERENCE TO RELATED APPLICATIONS

Not Applicable

## STATEMENT REGARDING FEDERALLY SPONSORED RESEARCH

Not Applicable

## BACKGROUND OF THE INVENTION

1. Field of the Invention

This invention relates generally to hanging accessories, and more particularly to a portable hanger for hanging a purse from a table.

2. Description of Related Art

The prior art teaches various forms of hangers for hanging a purse. For example, Czarny, U.S. Pat. No. D229,870, teaches a portable hanger for hanging a lady's purse beneath a table. The hanger includes a base with a planar lower surface, and a rigid hanger element that extends from the side of the base and extends downwardly to a hook element for hanging the purse.

Alternative embodiments of the portable hanger are taught in Schwartz, U.S. Pat. No. D429,899, and Stewart, U.S. Pat. No. D384,505. These reference teach a purse holder that includes a planar base with a rigid hook-shaped element that is pivotally attached to the base with that the hook can pivot with respect to the base. While the hook can pivot with respect to the base, the hook itself is rigid and cannot be folded.

Creed, U.S. Pat. No. 5,094,417, teaches a handbag adaptable support that includes a base with a rigidly attached first hook element, and a second hook element that is pivotally attached to the first element.

The above-described references are hereby incorporated by reference in full.

The prior art teaches various forms of portable hangers that include a base and a rigid hook, or a hook with a limited pivoting and folding ability. However, the prior art does not teach a portable hanger that includes a plurality of links that can be collapsed from an operative, hook-shaped configuration adapted for hanging the purse, to a stored configuration in which the plurality of links are wrapped around the perimeter of the base. The present invention fulfills these needs and provides further related advantages as described in the following summary.

## SUMMARY OF THE INVENTION

The present invention teaches certain benefits in construction and use which give rise to the objectives described below.

The present invention provides a portable hanger for hanging a purse from a table. The portable hanger includes a base having a generally planar bottom surface and a perimeter. The bottom surface is adapted to rest upon and frictionally engage the table. A plurality of links are pivotally linked to each other in series to form a chain having a first link and a last link. A connector pivotally connects the base and the first link of the plurality of links, such that the first link can pivot between a first position and a second position with respect to the base. The plurality of links are adapted for pivot between a stored configuration in which the pivot pin is in the first position and in which the plurality of links are positioned generally adjacent the perimeter of the base, and an operative configuration in which the connector is in the second position and in which the plurality of links form a hook, such that the purse may be hung upon the hook when the base is positioned on the table.

A primary objective of the present invention is to provide a portable hanger having advantages not taught by the prior art.

Another objective is to provide a portable hanger that includes a plurality of links that can be collapsed from an operative, hook-shaped configuration, to a stored configuration in which the plurality of links are wrapped around the perimeter of the base.

Another objective is to provide a portable hanger whose plurality of links can be folded to a ring configuration and removably attached to the base for storing the hanger on a purse as a purse accessory.

A further objective is to provide a portable hanger having a magnetic locking element for locking the plurality of links in the ring configuration.

Other features and advantages of the present invention will become apparent from the following more detailed description, taken in conjunction with the accompanying drawings, which illustrate, by way of example, the principles of the invention.

## BRIEF DESCRIPTION OF THE DRAWING

The accompanying drawings illustrate the present invention. In such drawings:

FIG. 1 is a perspective view of a portable hanger according to a preferred embodiment of the present invention, the portable hanger being illustrated in an operative configuration with a base on a table and a plurality of links forming a hook for hanging a purse;

FIG. 2 is a perspective view of the portable hanger in a ring configuration being carried on a purse;

FIG. 3 is a bottom perspective view of the portable hanger in a stored configuration;

FIG. 4 is a perspective view of the portable hanger in the operative configuration; and

FIG. 5 is a perspective view of the portable hanger in the ring configuration.

## DETAILED DESCRIPTION OF THE INVENTION

The above-described drawing figures illustrate the invention, a portable hanger 10 for hanging an article, such as a purse 12, from a table 14. Of course, the portable hanger 10 is also suitable for supporting other articles, such as coats, hats, umbrellas, shopping bags, etc., and such alternatives should be considered within the scope of the claimed invention.

FIG. 1 is a perspective view of the portable hanger 10 according to a preferred embodiment of the present invention, the portable hanger 10 being illustrated in an operative configuration with a base 20 on a table 14 and a plurality of links 30 forming a hook 46 for hanging a purse 12. As shown in FIG. 1, the base 20 includes a top surface 22, a generally planar bottom surface 24 opposite the top surface 22, and a perimeter 26 connecting the top and bottom surfaces 22 and 24. As shown in FIG. 1, the bottom surface 24 (best illustrated in FIG. 3) is adapted to rest upon and frictionally engage the table 14. While we discuss hanging the portable hanger 10 on a table 14, the term table is hereby defined to include any generally planar surface upon which a user might want to hang the purse 12.

In the embodiment of FIG. 1, the base 20 is generally disk-shaped, and the top surface 22 includes a decorative indicia 28. However, the base 20 may be any operative shape and may include a variety of decorative shapes, indicia, and fea-

US 7,644,900 B2

**3**

tures, and all such alternative shapes and arrangements should be considered within the scope of the present invention. The base **20** may be constructed of any suitable material, including plastic for less expensive embodiments, metal for more expensive embodiments, and potentially even precious metals for the most expensive embodiments.

The portable hanger **10** further includes a plurality of links **30** pivotally linked to each other in series to form a chain **32** having a first link **34** and a last link **36**. A connector **40**, such as a pivot pin **40**, extends from the perimeter **26** of the base **20** and pivotally connects the base **20** and the first link **34** of the plurality of links **30**, such that the first link **34** can pivot inwardly between a first position, illustrated in FIG. **1**, and a second position, illustrated in FIG. **3**, with respect to the base **20**. The plurality of links **30** are adapted for pivot between a stored configuration, shown in FIG. **3**, in which the pivot pin **40** is in the first position and in which the plurality of links **30** are positioned generally adjacent the perimeter **26** of the base **20**, and an operative configuration, shown in FIGS. **1** and **4**, in which the pivot pin **40** is in the second position and in which the plurality of links **30** form a support structure **46**, such as a hook, such that the purse **12** may be hung upon the hook **46** when the base **20** is positioned on the table **14**.

The last link **36** of the plurality of links **30** includes a concave inner surface **42** that functions to frictionally engage the purse **12**. In the preferred embodiment, most or all of the plurality of links **30** are curved, or include concave inner surfaces **44**, for forming the hook **46**. In alternate embodiments, the links **30** might take on other shapes.

In the preferred embodiment, as shown in FIG. **1**, the portable hanger **10** further includes a locking means for locking the plurality of links **30** in the stored configuration. In one embodiment, the locking means includes first and second magnets **60** and **62** that magnetically lock the plurality of links **30** in the stored configuration. In one embodiment, the first magnet **60** is mounted on the perimeter **26** of the base **20**, and the second magnet **62** is mounted on one of the plurality of links **30**, such as the concave inner surface **44** of one of the links **30**. While one embodiment is illustrated, other embodiments should also be considered within the scope of the present invention. For example, multiple magnets could be used in various operative locations. Furthermore, while magnets are currently preferred, other forms of snaps, clips, friction-locks, or other features or locking mechanisms could be used, and such alternatives should be considered within the scope of the locking means.

FIG. **2** is a perspective view of the portable hanger **10** in a ring configuration being carried on a purse **12**. As shown in FIGS. **4** and **5**, the portable hanger **10** preferably includes means for interlocking the last link **36** with the base **20**. The means for interlocking preferably includes a pin **50** extending from a terminal end **52** of the last link **36**. The pin **50** preferably extends to a ball-end **54**. For purposes of this application, the terms pin **50** and ball-end **54** are hereby defined to include any shaped elements that function as described below. A ball-receiver **56** in the base **20**, preferably in the perimeter **26** of the base **20**, includes a slot **58** shaped to receive the pin **50** and lockingly engage the ball-end **54**, such that the last link **36** may be removably engaged with the base **20** and such that the base **20** and the plurality of links **30** together form a loop, such that the portable hanger **10** is maintained in a ring configuration.

In the ring configuration, as shown in FIG. **2**, the portable hanger **10** may be carried on the purse **12** as a decorative

**4**

accessory. Other interlocking structures could also be employed without departing from the disclosed invention, and should be considered within the scope of the present invention. The means for interlocking may alternatively include, for example, various forms of snaps, locking elements, or other structures known in the art.

FIG. **3** is a bottom perspective view of the portable hanger **10** in the stored configuration. The bottom surface **24** of the base **20** is adapted to frictionally engage the table **13**. The bottom surface **24** may include a non-skid coating (not shown) such as rubber, or a textured surface, for enhancing the frictional engagement between the bottom surface **24** and the table **14**.

FIG. **4** is a perspective view of the portable hanger in the operative configuration.

FIG. **5** is a perspective view of the portable hanger in the ring configuration.

The terminology used in the preceding description includes the words described above, similar or equivalent words, and derivatives thereof. Additionally, the words "a," "an," and "one" are defined to include one or more of the referenced item unless specifically stated otherwise. Also, the terms "have," "include," "contain," and similar terms are defined to mean "comprising" unless specifically stated otherwise.

While the invention has been described with reference to at least one preferred embodiment, it is to be clearly understood by those skilled in the art that the invention is not limited thereto. Rather, the scope of the invention is to be interpreted only in conjunction with the appended claims.

What is claimed is:

**1**. A portable hanger for hanging an article relative to a surface, the portable hanger comprising:

a base having a generally planar bottom surface and a perimeter, the bottom surface being adapted to rest upon and frictionally engage the surface;

a plurality of links pivotally linked to each other in series to form a chain having a first link and a last link;

a pivot pin that pivotally connects the base and the first link of the plurality of links, such that the first link can pivot between a first position and a second position with respect to the base; and

a means for interlocking the last link with the base, wherein a portion of the last link extends into the base;

wherein the plurality of links are adapted for pivot between a stored configuration in which the first link is in the first position and in which the plurality of links are positioned generally adjacent the perimeter of the base, and an operative configuration in which the first link is in the second position and in which the plurality of links form a hook, such that the article may be hung upon the hook when the base is positioned on the surface.

**2**. The portable hanger of claim **1**, wherein the means for interlocking comprises:

a pin extending from a terminal end of the last link, the pin extending to a ball-end; and

a ball-receiver in the perimeter of the base, the ball-receiver having a slot shaped to receive the pin and lockingly engage the ball-end, such that the last link may be removably engaged with the base and such that the base and the plurality of links together form a loop.

**3**. The portable hanger of claim **1**, wherein the base is generally disk-shaped.

US 7,644,900 B2

5

**4**. The portable hanger of claim **1**, wherein the base includes a top surface opposite the bottom surface, and a decorative indicia positioned on the top surface.

**5**. The portable hanger of claim **1**, wherein the last link of the plurality of links includes a concave inner surface that is adapted to engage the article.

**6**. The portable hanger of claim **1** wherein the portion of the last link extends into the perimeter of the base.

**7**. The portable hanger of claim **1** further comprising a locking means that secures the plurality of links in the stored configuration.

**8**. The portable hanger of claim **7** wherein the locking means includes a magnet.

**9**. A hanger for hanging an object, the hanger comprising:
a base having a substantially planar bottom surface and a perimeter;
a plurality of links including a first link and a last link, the plurality of links being adapted to form a ring configuration so that the first and last link are selectively attached to the base, each link having a corresponding inner surface; and
a connector that connects the first link to the base so that the plurality of links can move between (i) an operative configuration in which the last link provides a support structure for hanging the object, and (ii) a stored configuration wherein the inner surfaces of the links abut the perimeter of the base.

**10**. The hanger of claim **9** wherein the support structure is a hook.

**11**. The hanger of claim **9** further comprising a locking means that selectively secures the plurality of links in the stored configuration.

**12**. The portable hanger of claim **11**, wherein the locking means includes a magnet.

**13**. The hanger of claim **9** wherein in the ring configuration, the last link at least partially extends into the perimeter of the base.

**14**. A hanger for hanging an article relative to a surface, the hanger comprising:
a base having a generally planar bottom surface and a perimeter, the bottom surface being adapted to rest upon the surface; and
a plurality of links that form a chain having a first link and a last link, the first link being movably connected to the perimeter of the base, the last link being adapted to interlock with the base;
a pin that extends from a terminal end of the last link, the pin including a ball-end; and
a ball-receiver along the perimeter of the base, the ball-receiver having a slot shaped to receive the pin and lockingly engage the ball-end;
wherein the chain is adapted to move between a stored configuration in which the chain contacts the perimeter of the base, and an operative configuration in which the chain forms a hook that is adapted to suspend the article when the base is positioned on the surface.

**15**. A hanger for hanging an article relative to a surface, the hanger comprising:
a base having a bottom surface and a perimeter, the bottom surface being adapted to contact the surface;
a plurality of links that form a chain having a first link and a last link, the first link being movably connected to the perimeter of the base, the chain being movable between (i) an operative configuration in which the chain forms a support structure that is adapted to suspend the article

6

when the bottom surface of the base is in contact with the surface, and (ii) a stored configuration in which at least a portion of the chain is positioned generally adjacent the perimeter of the base; and
a locking means that selectively secures at least the portion of the chain against the perimeter of the base in the stored configuration, the locking means including a magnet.

**16**. The hanger of claim **15**, wherein the locking means includes first and second magnets.

**17**. The hanger of claim **16**, wherein the first magnet is mounted on the perimeter of the base, and the second magnet is mounted on one of the plurality of links.

**18**. A hanger for hanging an article relative to a surface, the hanger comprising:
a base having a bottom surface and a perimeter, the bottom surface being adapted to contact the surface;
a plurality of links that form a chain having a first link and a last link, the first link being movably connected to the perimeter of the base, the chain being movable between (i) an operative configuration in which the chain forms a support structure that is adapted to suspend the article when the bottom surface of the base is in contact with the surface, and (ii) a stored configuration in which at least a portion of the chain is positioned generally adjacent the perimeter of the base; and
a locking means that selectively secures at least the portion of the chain against the perimeter of the base in the stored configuration, the locking means including a first magnet and a second magnet.

**19**. The hanger of claim **18** wherein the last link is adapted to interlock with the perimeter of the base.

**20**. A portable hanger for hanging an article relative to a surface, the portable hanger comprising:
a base having a generally planar bottom surface and a perimeter, the bottom surface being adapted to rest upon and frictionally engage the surface;
a plurality of links pivotally linked to each other in series to form a chain having a first link and a last link;
a pivot pin that pivotally connects the perimeter of the base and the first link so that the first link can pivot between a first position and a second position with respect to the base;
wherein the plurality of links are adapted for pivot between a stored configuration in which the first link is in the first position and in which the plurality of links contact the perimeter of the base, and an operative configuration in which the first link is in the second position and in which the plurality of links form a hook so that the article may be hung upon the hook when the base is positioned on the surface; and
a locking means for securing the plurality of links in the stored configuration, the locking means including first and second magnets.

**21**. The hanger of claim **20**, wherein the first magnet is mounted on the perimeter of the base, and the second magnet is mounted on one of the plurality of links.

**22**. A hanger for hanging an article relative to a surface, the hanger comprising:
a base having a generally planar bottom surface and a perimeter, the bottom surface being adapted to rest upon the surface;
a plurality of links that form a chain having a first link and a last link, the first link being movably connected to the

US 7,644,900 B2

7

perimeter of the base, the last link being adapted to interlock with the base; and

a locking means that selectively secures the chain in the stored configuration, the locking means including a magnet;

wherein the chain is adapted to move between a stored configuration in which the chain contacts the perimeter of the base, and an operative configuration in which the

8

chain forms a hook that is adapted to suspend the article when the base is positioned on the surface.

**23**. The hanger of claim **22** further comprising a connector that connects the first link to the base so that the plurality of links can move between the operative configuration and the stored configuration.

\* \* \* \* \*

# Exhibit B

US008061669B2

(12) **United States Patent**
Yap et al.

(10) **Patent No.:** **US 8,061,669 B2**
(45) **Date of Patent:** **Nov. 22, 2011**

(54) **PORTABLE HANGER**

(75) Inventors: **Kalika N. Yap**, Santa Monica, CA (US);
**Catherine A. Mangan**, Dupont, PA (US)

(73) Assignee: **Luxe Link, LLC**, Santa Monica, CA (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **12/566,574**

(22) Filed: **Sep. 24, 2009**

(65) **Prior Publication Data**

US 2010/0012806 A1    Jan. 21, 2010

**Related U.S. Application Data**

(63) Continuation of application No. 11/504,328, filed on Aug. 15, 2006, now Pat. No. 7,644,900.

(51) **Int. Cl.**
**F16B 45/00**    (2006.01)

(52) **U.S. Cl.** ........................ **248/304**; 248/914; 223/120

(58) **Field of Classification Search** ................. 248/304, 248/308, 215, 914; 223/120
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 1,819,768 | A | 8/1931 | Coffing |
| 2,473,086 | A | 6/1949 | Gonzalez |
| 2,490,405 | A | 12/1949 | Bloom et al. |
| 2,521,037 | A | 9/1950 | Brinton |
| 2,532,255 | A | 11/1950 | Davis |
| 2,631,803 | A | 3/1953 | Meyers |
| 2,692,108 | A | 10/1954 | Neivert |
| 3,289,985 | A | 12/1966 | Sheiman |
| 3,321,166 | A | 5/1967 | Gordon |
| 3,465,543 | A | 9/1969 | Baker |
| D229,870 | S | 1/1974 | Czarny |
| 3,860,210 | A | 1/1975 | Berardinelli et al. |
| 4,118,001 | A | 10/1978 | Serkez |
| 5,094,417 | A | 3/1992 | Creed |
| D384,505 | S | 10/1997 | Stewart |
| 5,895,018 | A | 4/1999 | Rielo |
| 5,926,925 | A | 7/1999 | Hicks |
| D429,899 | S | 8/2000 | Schwartz |
| 7,464,911 | B1 * | 12/2008 | Yen ................................. 248/304 |
| 7,516,929 | B2 | 4/2009 | Brustein |

(Continued)

FOREIGN PATENT DOCUMENTS

BE        490969        9/1949

(Continued)

OTHER PUBLICATIONS

Dangle-it, Author Unknown, http://dangle-it.com/index.html, Aug. 16, 2006.
PursePal, Author Unknown, http://purse-pal.com, Aug. 16, 2006.

*Primary Examiner* — Amy J Sterling
(74) *Attorney, Agent, or Firm* — Roeder & Broder LLP; James P. Broder

(57) **ABSTRACT**

A portable hanger for hanging a purse from a table has a base adapted to rest upon and frictionally engage the table. A plurality of links are pivotally linked to each other in series to form a chain having a first link and a last link. A pivot pin pivotally connects the base and the first link of the plurality of links. The plurality of links are adapted for pivot between a stored configuration in which the plurality of links are positioned generally adjacent the perimeter of the base, and an operative configuration in which the plurality of links form a hook adapted for hanging the purse.

**20 Claims, 3 Drawing Sheets**



**US 8,061,669 B2**

Page 2

| U.S. PATENT DOCUMENTS | | | | |
|---|---|---|---|---|
| 7,661,644 | B1 * | 2/2010 | Yen .............................. | 248/304 |
| 2004/0089759 | A1 * | 5/2004 | Genuise ........................ | 242/379 |
| 2005/0082319 | A1 | 4/2005 | Caroselli et al. | |
| 2005/0161570 | A1 | 7/2005 | Bauerly | |
| 2006/0108497 | A1 | 5/2006 | Miranda | |

| FOREIGN PATENT DOCUMENTS | | |
|---|---|---|
| BE | 490969  A | 9/1949 |
| CN | ZL200520110683.2 | 8/2006 |
| JP | 60-101929 | 7/1985 |
| JP | 7-3446 | 7/1995 |

* cited by examiner



*Fig. 1*

Case 2:12-cv-04829-DMG-MRW   Document 1-1   Filed 06/01/12   Page 14 of 54   Page ID #:155



*Fig. 2*



Fig. 3

Fig. 4

Fig. 5

US 8,061,669 B2

1

# PORTABLE HANGER

## RELATED APPLICATION

The present application is a continuation application and claims the benefit on patent application Ser. No. 11/504,328 filed on Aug. 15, 2006 now U.S. Pat. No. 7,644,900 under 35 U.S.C. 120. To the extent permitted, the contents of U.S. patent application Ser. No. 11/504,328 are incorporated herein by reference.

## BACKGROUND OF THE INVENTION

### 1. Field of the Invention

This invention relates generally to hanging accessories, and more particularly to a portable hanger for hanging a purse from a table.

### 2. Description of Related Art

The prior art teaches various forms of hangers for hanging a purse. For example, Czarny, U.S. Pat. No. D229,870, teaches a portable hanger for hanging a lady's purse beneath a table. The hanger includes a base with a planar lower surface, and a rigid hanger element that extends from the side of the base and extends downwardly to a hook element for hanging the purse.

Alternative embodiments of the portable hanger are taught in Schwartz, U.S. Pat. No. D429,899, and Stewart, U.S. Pat. No. D384,505. These reference teach a purse holder that includes a planar base with a rigid hook-shaped element that is pivotally attached to the base with that the hook can pivot with respect to the base. While the hook can pivot with respect to the base, the hook itself is rigid and cannot be folded.

Creed, U.S. Pat. No. 5,094,417, teaches a handbag adaptable support that includes a base with a rigidly attached first hook element, and a second hook element that is pivotally attached to the first element.

The above-described references are hereby incorporated by reference in full.

The prior art teaches various forms of portable hangers that include a base and a rigid hook, or a hook with a limited pivoting and folding ability. However, the prior art does not teach a portable hanger that includes a plurality of links that can be collapsed from an operative, hook-shaped configuration adapted for hanging the purse, to a stored configuration in which the plurality of links are wrapped around the perimeter of the base. The present invention fulfills these needs and provides further related advantages as described in the following summary.

## SUMMARY

The present invention teaches certain benefits in construction and use which give rise to the objectives described below.

The present invention provides a portable hanger for hanging a purse from a table. The portable hanger includes a base having a generally planar bottom surface and a perimeter. The bottom surface is adapted to rest upon and frictionally engage the table. A plurality of links are pivotally linked to each other in series to form a chain having a first link and a last link. A connector pivotally connects the base and the first link of the plurality of links, such that the first link can pivot between a first position and a second position with respect to the base. The plurality of links are adapted for pivot between a stored configuration in which the pivot pin is in the first position and in which the plurality of links are positioned generally adjacent the perimeter of the base, and an operative configuration in which the connector is in the second position and in which

2

the plurality of links form a hook, such that the purse may be hung upon the hook when the base is positioned on the table.

A primary objective of the present invention is to provide a portable hanger having advantages not taught by the prior art.

Another objective is to provide a portable hanger that includes a plurality of links that can be collapsed from an operative, hook-shaped configuration, to a stored configuration in which the plurality of links are wrapped around the perimeter of the base.

Another objective is to provide a portable hanger whose plurality of links can be folded to a ring configuration and removably attached to the base for storing the hanger on a purse as a purse accessory.

A further objective is to provide a portable hanger having a magnetic locking element for locking the plurality of links in the ring configuration.

Other features and advantages of the present invention will become apparent from the following more detailed description, taken in conjunction with the accompanying drawings, which illustrate, by way of example, the principles of the invention.

## BRIEF DESCRIPTION OF THE DRAWINGS

The accompanying drawings illustrate the present invention. In such drawings:

FIG. 1 is a perspective view of a portable hanger according to a preferred embodiment of the present invention, the portable hanger being illustrated in an operative configuration with a base on a table and a plurality of links forming a hook for hanging a purse;

FIG. 2 is a perspective view of the portable hanger in a ring configuration being carried on a purse;

FIG. 3 is a bottom perspective view of the portable hanger in a stored configuration;

FIG. 4 is a perspective view of the portable hanger in the operative configuration; and

FIG. 5 is a perspective view of the portable hanger in the ring configuration.

## DETAILED DESCRIPTION OF THE INVENTION

The above-described drawing figures illustrate the invention, a portable hanger 10 for hanging an article, such as a purse 12, from a table 14. Of course, the portable hanger 10 is also suitable for supporting other articles, such as coats, hats, umbrellas, shopping bags, etc., and such alternatives should be considered within the scope of the claimed invention.

FIG. 1 is a perspective view of the portable hanger 10 according to a preferred embodiment of the present invention, the portable hanger 10 being illustrated in an operative configuration with a base 20 on a table 14 and a plurality of links 30 forming a hook 46 for hanging a purse 12. As shown in FIG. 1, the base 20 includes a top surface 22, a generally planar bottom surface 24 opposite the top surface 22, and a perimeter 26 connecting the top and bottom surfaces 22 and 24. As shown in FIG. 1, the bottom surface 24 (best illustrated in FIG. 3) is adapted to rest upon and frictionally engage the table 14. While we discuss hanging the portable hanger 10 on a table 14, the term table is hereby defined to include any generally planar surface upon which a user might want to hang the purse 12.

In the embodiment of FIG. 1, the base 20 is generally disk-shaped, and the top surface 22 includes a decorate indicia 28. However, the base 20 may be any decorative shape and may include a variety of decorative shapes, indicia, and features, and all such alternative shapes and arrangements

US 8,061,669 B2

3

should be considered within the scope of the present invention. The base 20 may be constructed of any suitable material, including plastic for less expensive embodiments, metal for more expensive embodiments, and potentially even precious metals for the most expensive embodiments.

The portable hanger 10 further includes a plurality of links 30 pivotally linked to each other in series to form a chain 32 having a first link 34 and a last link 36. A connector 40, such as a pivot pin 40, extends from the perimeter 26 of the base 20 and pivotally connects the base 20 and the first link 34 of the plurality of links 30, such that the first link 34 can pivot inwardly between a first position, illustrated in FIG. 1, and a second position, illustrated in FIG. 3, with respect to the base 20. The plurality of links 30 are adapted for pivot between a stored configuration, shown in FIG. 3, in which the pivot pin 40 is in the first position and in which the plurality of links 30 are positioned generally adjacent the perimeter 26 of the base 20, and an operative configuration, shown in FIGS. 1 and 4, in which the pivot pin 40 is in the second position and in which the plurality of links 30 form a support structure 46, such as a hook, such that the purse 12 may be hung upon the hook 46 when the base 20 is positioned on the table 14.

The last link 36 of the plurality of links 30 includes a concave inner surface 42 that functions to frictionally engage the purse 12. In the preferred embodiment, most or all of the plurality of links 30 are curved, or include concave inner surfaces 44, for forming the hook 46. In alternate embodiments, the links 30 might take on other shapes.

In the preferred embodiment, as shown in FIG. 1, the portable hanger 10 further includes a locking means for locking the plurality of links 30 in the stored configuration. In one embodiment, the locking means includes first and second magnets 60 and 62 that magnetically lock the plurality of links 30 in the stored configuration. In one embodiment, the first magnet 60 is mounted on the perimeter 26 of the base 20, and the second magnet 62 is mounted on one of the plurality of links 30, such as the concave inner surface 44 of one of the links 30. While one embodiment is illustrated, other embodiments should also be considered within the scope of the present invention. For example, multiple magnets could be used in various operative locations. Furthermore, while magnets are currently preferred, other forms of snaps, clips, friction-locks, or other features or locking mechanisms could be used, and such alternatives should be considered within the scope of the locking means.

FIG. 2 is a perspective view of the portable hanger 10 in a ring configuration being carried on a purse 12. As shown in FIGS. 4 and 5, the portable hanger 10 preferably includes means for interlocking the last link 36 with the base 20. The means for interlocking preferably includes a pin 50 extending from a terminal end 52 of the last link 36. The pin 50 preferably extends to a ball-end 54. For purposes of this application, the terms pin 50 and ball-end 54 are hereby defined to include any shaped elements that function as described below. A ball-receiver 56 in the base 20, preferably in the perimeter 26 of the base 20, includes a slot 58 shaped to receive the pin 50 and lockingly engage the ball-end 54, such that the last link 36 may be removably engaged with the base 20 and such that the base 20 and the plurality of links 30 together form a loop, and such that the portable hanger 10 is maintained in a ring configuration.

In the ring configuration, as shown in FIG. 2, the portable hanger 10 may be carried on the purse 12 as a decorative accessory. Other interlocking structures could also be employed without departing from the disclosed invention, and should be considered within the scope of the present invention. The means for interlocking may alternatively

4

include, for example, various forms of snaps, locking elements, or other structures known in the art.

FIG. 3 is a bottom perspective view of the portable hanger 10 in the stored configuration. The bottom surface 24 of the base 20 is adapted to frictionally engage the table 13. The bottom surface 24 may include a non-skid coating (not shown) such as rubber, or a textured surface, for enhancing the frictional engagement between the bottom surface 24 and the table 14. In FIG. 3, the connector 40 is illustrated in a retracted position 66.

FIG. 4 is a perspective view of the portable hanger in the operative configuration. In FIG. 4, the connector 40 is illustrated in an extended position 68. In the extended position 68, the connector 40 has extended away from the perimeter 26 of the base 20 along an axis 64 as shown by directional arrow 70. Additionally, in the embodiment illustrated in FIG. 4, the connector 40 has rotated about the axis 64 as shown by rotational arrow 72. By rotating the connector 40 as illustrated in FIG. 4, the chain 32 has likewise rotated in a downward direction away from the perimeter 26 of the base 20.

FIG. 5 is a perspective view of the portable hanger in the ring configuration. In FIG. 5, the connector 40 is illustrated in the extended position (illustrated in FIG. 4) along the axis 64.

The terminology used in the preceding description includes the words described above, similar or equivalent words, and derivatives thereof. Additionally, the words "a," "an," and "one" are defined to include one or more of the referenced item unless specifically stated otherwise. Also, the terms "have," "include," "contain," and similar terms are defined to mean "comprising" unless specifically stated otherwise.

While the invention has been described with reference to at least one preferred embodiment, it is to be clearly understood by those skilled in the art that the invention is not limited thereto. Rather, the scope of the invention is to be interpreted only in conjunction with the appended claims.

What is claimed is:

1. A hanger for hanging an article relative to a surface, the hanger comprising:

a base having a perimeter, the base being adapted to contact the surface;

three links that are coupled together in series to form at least a portion of a chain; and

a connector that rotates about an axis to move at least one of the links between (i) a stored configuration wherein at least two of the links each abuts less than approximately 180 degrees of the perimeter of the base, and (ii) an operative configuration wherein at least one of the links is positioned to suspend the article relative to the surface, the connector selectively moving along the axis between a retracted position and an extended position.

2. The hanger of claim 1 wherein at least two of the links have different arcuate lengths relative to one another.

3. The hanger of claim 1 wherein the perimeter of the base is substantially circular, and wherein in the stored configuration one of the links abuts approximately 60 degrees of the perimeter of the base.

4. The hanger of claim 1 wherein each of the links has a radius of curvature that is approximately the same as each of the remaining links.

5. The hanger of claim 1 wherein the base includes a substantially planar bottom surface, and wherein the axis is substantially parallel to the bottom surface.

6. The hanger of claim 1 further comprising a locking means that secures at least one of the links to the perimeter of the base on the stored configuration.

US 8,061,669 B2

5

**7**. The hanger of claim **1** further comprising a means for interlocking that is adapted to at least partially extend through the perimeter of the base to form a ring configuration.

**8**. The hanger of claim **1** wherein the links contact at least approximately 50% of the perimeter of the base in the stored configuration.

**9**. The hanger of claim **1** wherein the links contact approximately 100% of the perimeter of the base in the stored configuration.

**10**. The hanger of claim **1** wherein the links are adapted to pivot relative to one another.

**11**. A hanger for hanging an article relative to a surface, the hanger comprising:

a base having a perimeter, the base being adapted to contact the surface, the perimeter of the base being substantially circular, the base including a substantially planar bottom surface;

three links that are coupled together in series to form at least a portion of a chain, the links being adapted to pivot relative to one another, at least two of plurality of links have different arcuate lengths relative to one another; and

a connector that couples the first link to the base, the connector selectively moving along an axis that is substantially parallel to the bottom surface between a retracted position and an extended position, the connector rotating about the axis to move at least one of the links between (i) a stored configuration wherein at least one of the three links abuts at least approximately 60 degrees of the perimeter of the base, and (ii) an operative configuration wherein at least one of the links is positioned to support the article relative to the surface.

**12**. A hanger for hanging an article relative to a surface, the hanger comprising:

a base having a base that is substantially circular;

a plurality of links including a first link and a last link that are connected to one another; and

a connector that couples the first link to the base, the connector selectively moves along an axis between a retracted position and an extended position, the connector rotating about the axis to move the plurality of links between (i) a stored configuration wherein one of the links abuts at least approximately 60 degrees of the perimeter of the base, and (ii) an operative configuration in which at least one of the links is positioned to suspend the article relative to the surface.

**13**. The hanger of claim **12** wherein at least two of plurality of links have different arcuate lengths relative to one another.

**14**. The hanger of claim **12** wherein the base includes a substantially planar bottom surface, and wherein the axis is substantially parallel to the bottom surface.

**15**. The hanger of claim **12** wherein the links are adapted to pivot relative to one another.

**16**. A hanger for hanging an article relative to a surface, the hanger comprising:

a base having a perimeter;

a plurality of links including a first link and a last link that are connected to one another; and

a connector that couples the first link to the base, the connector selectively moves along an axis between a retracted position and an extended position, the connector rotating about the axis to move the plurality of links, between (i) a stored configuration wherein one of the

6

links abuts less than approximately 180 degrees of the perimeter of the base, and (ii) an operative configuration in which at least one of the links is positioned to suspend the article relative to the surface.

**17**. A hanger for hanging an article relative to a surface, the hanger comprising:

a base having a perimeter;

a plurality of links including a first link and a last link that are connected to one another;

a connector that couples the first link to the base, the connector selectively moves along an axis between a retracted position and an extended position, the connector rotating about the axis to move the plurality of links between (i) a stored configuration, and (ii) an operative configuration in which at least one of the links is positioned to suspend the article relative to the surface; and

a locking means that secures at least one of the links to the perimeter of the base on the stored configuration.

**18**. A hanger for hanging an article relative to a surface, the hanger comprising:

a base having a perimeter;

a plurality of links including a first link and a last link that are connected to one another;

a connector that couples the first link to the base, the connector selectively moves along an axis between a retracted position and an extended position, the connector rotating about the axis to move the plurality of links between (i) a stored configuration, and (ii) an operative configuration in which at least one of the links is positioned to suspend the article relative to the surface; and

a means for interlocking that is adapted to at least partially extend through the perimeter of the base to form a ring configuration.

**19**. A hanger for hanging an article relative to a surface, the hanger comprising:

a base having a perimeter;

a plurality of links including a first link and a last link that are connected to one another;

a connector that couples the first link to the base, the connector selectively moves along an axis between a retracted position and an extended position, the connector rotating about the axis to move the plurality of links between (i) a stored configuration, and (ii) an operative configuration in which at least one of the links is positioned to suspend the article relative to the surface;

wherein the links contact at least approximately 50% of the perimeter of the base in the stored configuration.

**20**. A hanger for hanging an article relative to a surface, the hanger comprising:

a base having a perimeter;

a plurality of links including a first link and a last link that are connected to one another;

a connector that couples the first link to the base, the connector selectively moves along an axis between a retracted position and an extended position, the connector rotating about the axis to move the plurality of links between (i) a stored configuration, and (ii) an operative configuration in which at least one of the links is positioned to suspend the article relative to the surface;

wherein the links contact approximately 100% of the perimeter of the base in the stored configuration.

\* \* \* \* \*

Exhibit C



our brands: ProFlowers  ProPlants  redENVELOPE  personalcreations  CHERRY MOON FARMS

**redENVELOPE**
unique and personalized gifts

search | keyword / catalog item #

catalog   radio

1.888.269.3274   cart (0)

your account | track your order

mother's day | occasion | women's | men's | baby & kids | jewelry | home & garden | design studio | sale



roll over image to zoom in

# personalized purse hook

$19.95

**overall rating** ★★★★☆
177 of 204 (87%) customers would recommend this product.

read all reviews   write a review

① **personalize**
No Thanks

② **gift box**
please select

③ **quantity**
1

**earliest possible arrival date:**   Sat, May 05 2012
(no personalization)
Wed, May 09 2012
(with personalization)

**ORDER NOW**



**you'll also love**

personalized embellished purse mirror
$29.95

jewelry portfolio
$89.95 **$59.99**



**recently viewed**

fold up purse hanger + mirror
$19.95 **$9.99**

view all

**gift description:**

This ingenious hook lets her keep her purse, shopping bag or umbrella near at hand and off the floor. It collapses into a compact disk to slip into a purse, then unfolds to suspend a bag from the table's edge or almost any flat surface.

- polished nickel finish
- may be monogrammed in script font
- holds up to 15lbs.

Item #30004805

## customer reviews

review this product   Choose a sort order

**overall:** ★★★★★   **Step Mom's Birthday**   date: April 03, 2012

"I have bought several of these for friends and family members. This time I had it shipped directly and my stepmom was enthralled. She loves the purse hanger but she also liked the small gift box. She said it is perfect to slip into her purse to keep it handy. Thanks so much for going the extra mile."

**overall:** ★☆☆☆☆   **Cheap Product Design**   date: March 07, 2012

Unhappy Customer   "I got this for my wife and she used it twice before it broke. The cushion on the bottom fell off and the hook came out of

the base. Not worth the money."

---

**overall:** ★★★★★   **Great Gift!**                                              date: February 16, 2012

CTKat

"Gave this to a girlfriend for her birthday - she's a teacher and loved the size, it can just go on her desk. And the engraving is GORGEOUS!Totally worth it if you're looking for something small but thoughtful!"

**location:**
Connecticut

---

**overall:** ★★★★☆   **Good for the price**                                         date: January 24, 2012

"I purchased these are gifts for friends. They came out really nice and seem as though they will hold up. Definitely a good value for the price!"

---

**overall:** ★★★★★   **Nice!**                                                      date: January 17, 2012

LuLu

"Took me a while to figure out how to use this. It is a gift but as usual I felt the need to check it out so I can show her how to use it. She is always losing her purse under tables so I am hoping this will help with that."

---

**overall:** ★★★★★   **Easy to carry**                                              date: January 09, 2012

Nandina 12

"The purse hook is a great answer to prevent bringing floor germs into the house. Now I don't have to search for a place to put my purse in restaurants. The hook folds flat easily and takes up no space in my purse."

**location:**
Georgia

---

**overall:** ★★★★★   **Great product - purse hook**                                 date: January 06, 2012

AKK Roanoke

"I bought the personalized purse hook and had it engraved for my mother for Christmas, it looked great, arrived in a timely manner, and she loves it, very classy!! The only thing that would have made it perfect is if it came with a little felt bag to carry it in so it wouldn't get scratched up, other than that, I absolutely recommend it!!!!!!! And I may be ordering more in the future for other people's gifts!!!!!"

---

**overall:** ★★★★☆   **It's for a gift...**                                          date: January 05, 2012

Mickey

"...so no one's used it yet. It looks way too fragile to use for my own heavy purse, but my friend with a lightweight purse will be thrilled.. It is beautiful though."

---

**overall:** ★★★★★   **Great gift, she loves it**                                    date: January 03, 2012

paper city

"My mother hates puting her bag on the floor or tables and is always looking for somewhere to put her bag. I got this for her and had it monogrammed, she LOVED it. Recommend to anyone. Very functional."

---

**overall:** ★★★★★   **Red Envelope Rocks!**                                         date: December 28, 2011

SHY1

"Once again, Red Envelope's quality of merchandise and service is phenomenal! The delivery time on this item exceeded all expectations, and the item is beautiful!"

---

1 2 3 ... 17 next >>

Printable Reviews

---

sign up for exclusive offers and previews

enter your email here    go

sign-up for a catalog today



---

ABOUT US   |   AFFILIATE PROGRAM   |   BUSINESS GIFTING & SERVICES   |   CAREERS   |   CONTACT US   |   CUSTOMER SERVICE
PRIVACY POLICY   |   REMINDER SERVICE   |   SHIPPING AND RETURNS   |   SITE MAP   |   TERMS OF USE   |   TRACK ORDER   |   GIFT BLOG   |   GIFT GUIDES

ProFlowers   ProPlants   ProFlowers INTERNATIONAL   redENVELOPE   CHERRY MOON FARMS   personalcreations.com   

©2012 Provide Commerce, Inc. All rights reserved.

Purse Hook

The best invention since leave-in conditioner, the personalized purse hook is every girl's best friend. Whether you are enjoying cocktails with the girls at the bar, having a romantic evening a restaurant or spending big at the roulette table, the dilemma is always the same. Where to put your purse? You can sling it over the back of the chair, sit it on the floor (ewww!), or keep it on your lap. None of these solutions is ideal, and that's where the purse hook comes in! The ingenious purse hook lets you keep your purse, shopping bag or umbrella near at hand and off the floor and off the back of your chair.

RedEnvelope's personalized purse hook let's you store your purse in style with its polished nickel finish and **monogrammed** top. It collapses into a compact disk that slips easily into a purse, and then unfolds when you need it to hook onto any table's edge or flat surface. The personalized purse hook holds your purse or bag, keeping it close and out of the way. Able to take on the biggest ladies handbag, the purse hook holds up to 15lbs, making it as functional and hardworking as it is stylish.

# Exhibit D



our brands: **ProFlowers** | **ProPlants** | **red**ENVELOPE | **personalcreations** | **CHERRY MOON FARMS** | ...

**red**ENVELOPE®
unique and personalized gifts

search | keyword / catalog item # ▶

🔲 catalog   🎙 radio

1.888.269.3274   ▶ cart (0)

your account | track your order

---

mother's day | occasion | women's | men's | baby & kids | jewelry | home & garden | design studio | sale   🎁

---



roll over image to zoom in

## fold up purse hanger + mirror

~~$19.95~~ **$9.99**

overall rating ★★★★☆

58 of 68 (85%) customers would recommend this product.

read all reviews   write a review



**1** select

please select ▼

---

**ORDER NOW**



**you'll also love**

swan ring holder
~~$19.95~~ **$9.99**

personalized purse hook
**$19.95**

### gift description:

Now, she can hang her purse in trendy style with our Swarovski crystal-accented fold-up purse hanger and mirror. With three enamel finish pattern designs to choose from, the reverse side of the hanger has a small mirror – perfect for checking her lipstick. The nickel-plated hanger doubles as a keychain or easily hangs from her purse strap. After all, her purse is much too nice to sit on a dirty restaurant floor.

- well-designed with rubber edges to suction to table
- offered in 3 designs: cherry blossom, monochromatic lace, or pink bird design
- comes with coordinating leatherette carrying pouch: 2 ½" x 2 ¼"
- 1 ¾" diameter

Item #30010341

---

**customer reviews**

review this product   Choose a sort order ▼

**overall:** ★★★★☆                                                              date: April 26, 2012
"Wish the part for the bag were a little longer for a thicker table, but it is very pretty"

---

**overall:** ★★★★★   **Love it!!**                                              date: April 23, 2012
Deeeeee
"This is a terrific little gadget to keep in my purse for those times when the chairback just won't cut it. Nice that it comes with a little protective envelope, too."

---

**overall:** ★★★★★   **So Cool**                                               date: April 09, 2012
"It works but not on all tables but i love it. It also has a mirror on it and its cool!"

---

lacie

---

**overall:** ★★★★★

jess

**love it**

"Couldn't have asked for a better thing to hang my purse with and so small it fits in it. I love it."

date: March 21, 2012

---

**overall:** ★★★★★

Charlio

**location:**
San Antonio, TX

**Very useful item**

"The purse hanger is such a useful item...I anticipate the gift receipient will use it on a daily basis. It is as pretty as a piece of jewelry."

date: March 11, 2012

---

**overall:** ★★★★★

Sassy Britches

**location:**
Orlando, FL

**I love it!**

"This little hook is great! It works with all of my purses and it fits on all tables as long as there's a flat surface and right angle. I'll probably buy more as Christmas gifts this year and one for each of my purses. :)"

date: February 27, 2012

---

**overall:** ★★★★★

brwnchip

**Purse Hanger**

"It is a nice and inexpensive way to tell the receiver that they are appreciated! It was well received!"

date: February 22, 2012

---

**overall:** ★★★★☆

ypwitch

**What a great idea!**

"This is such a clever bauble! Works like a charm! And it doesn't take much space in your purse. The perfect gift for almost any age. Get one - you won't be sorry!"

date: February 01, 2012

---

**overall:** ★★★★★

Gigi

**fold up purse hanger & mirror**

"I actually bought 4 of these as Christmas gifts and they were a hugh hit! All my girls loved them. It's so compact and comes with a really nice pouch that protects the design and mirror. Very sturdy and holds even my heavy purse. Definitely recommend this item."

date: January 18, 2012

---

**overall:** ★★★★★

Laura

**Perfect Solution**

"I've always hated setting a favorite purse on the floor of a restaurant or, even worse, the floor of a hair salon. This is the perfect solution to that problem. I tried it the first time with a heavy purse, half expecting it not to hold--but it did. Voila! And the mirror on one side is just as useful. Best of all, it is beautiful jewelry."

date: January 05, 2012

---

1 2 3 4 5 6 next >>

Printable Reviews

---

sign up for exclusive offers and previews

enter your email here   go



sign-up for a catalog today

---

ABOUT US  |  AFFILIATE PROGRAM  |  BUSINESS GIFTING & SERVICES  |  CAREERS  |  CONTACT US  |  CUSTOMER SERVICE

PRIVACY POLICY  |  REMINDER SERVICE  |  SHIPPING AND RETURNS  |  SITE MAP  |  TERMS OF USE  |  **TRACK ORDER**  |  GIFT BLOG  |  GIFT GUIDES

---

ProFlowers    ProPlants    ProFlowers INTERNATIONAL    redENVELOPE    CHERRY MOON FARMS    personalcreations.com    

©2012 Provide Commerce, Inc. All rights reserved.

Exhibit E

# ROEDER & BRODER LLP

**Patents, Trademarks and Copyrights**

JAMES P. BRODER
jbroder@rbiplaw.com

9915 Mira Mesa Blvd., Suite 300
San Diego, California 92131

TELEPHONE
(858) 635-2142
FACSIMILE
(858) 635-9686

December 30, 2009

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Red Envelope
P.O. Box 600040
San Diego, CA 92160

Red Envelope
Merchandising Coordinator
4840 Eastgate Mall
San Diego, CA 92121

Re:     Notice of Impending Patent and Potential Infringement

Dear Sir or Madame:

This office represents Luxe Link, LLC (hereinafter "Luxe Link"), creator of the Luxe Link® purse hanger product line sold by Luxe Link in numerous countries around the world.  I understand you may be intimately familiar with this product line. The purpose of this correspondence is to notify you, and thus, Red Envelope, that we have obtained confirmation from the United States Patent and Trademark Office that a patent application Luxe Link has filed in the U.S. (U.S. Patent Serial Number 11/504,328, filed on August 15, 2006), which covers the Luxe Link® product line, will be issuing on January 12, 2010.

Additionally, Luxe Link is concerned about one or more of the activities and/or products sold by Red Envelope, to the extent that such activities and/or products are covered by many of the allowed claims in the above-referenced Luxe Link patent application.  In particular, it has come to the attention of Luxe Link and this office that Red Envelope is manufacturing, advertising, distributing and/or selling a product known as Purse Hook.  It appears that your activities and/or product(s) may very well be encompassed by the allowed claims in the Luxe Link patent application.

Red Envelope
December 30, 2009
Page 2

For your reference, I have attached hereto as Appendix "A", a listing of the
allowed claims that are to be included in Luxe Link's patent, to issue January 12,
2010 as Patent No. 7,644,900.  You may also want to consult the United States
Patent and Trademark website to review the allowed claims and the current status
of the Luxe Link patent application at your discretion.

In addition to the claims attached in Appendix "A", we have also filed a
continuation application (U.S. Patent Serial Number 12/566,574), on Luxe Link's
behalf that includes claims having a slightly different scope than the allowed claims.
This continuation application includes claims having language we also believe
cover Red Envelope's activities and/or product(s) referenced above.

Moreover, you should note that Luxe Link has patents pending with claims
substantially similar to those in Appendix "A" in many countries throughout the
world. We anticipate that once the U.S. Patent issues, the remaining foreign
patents will be granted within a short time period thereafter.

Because Luxe Link's U.S. Patent is imminently expected to issue, and
additional claims in the pending continuation application may also be relevant to
your product(s), as well as the numerous international patents filed by Luxe Link
which cover substantially the same subject matter, I would request that you, your
intellectual property attorney or another appropriate representative of Red Envelope
contact me within 10 days from the date of this correspondence to discuss
resolution of this potential infringement.

Certainly, if upon your review of the allowed claims you believe my analysis
of your activities and/or product(s) is flawed or incorrect in any manner, please
provide me with any facts or circumstances that you believe to be relevant, and I
will give them my immediate attention.

I look forward to hearing from you within 10 days.

Very truly yours,

ROEDER & BRODER LLP

JAMES P. BRODER

JPB:dne
Enc.

cc:    Kalika Yap, Luxe Link, LLC (via e-mail)

# Exhibit F

# ROEDER & BRODER LLP

**Patents, Trademarks and Copyrights**

JAMES P. BRODER
jbroder@rbiplaw.com

9915 Mira Mesa Blvd., Suite 300
San Diego, California 92131

TELEPHONE
(858) 635-2142
FACSIMILE
(858) 635-9686

January 12, 2010

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Red Envelope
3974 Sorrento Valley Blvd.
San Diego, CA 92121-1403

   Re: Notice of Impending Patent and Potential Infringement

Dear Sir or Madame:

  This office represents Luxe Link, LLC (hereinafter "Luxe Link"), creator of the Luxe Link® purse hanger product line sold by Luxe Link in numerous countries around the world. I understand you may be intimately familiar with this product line. The purpose of this correspondence is to notify you, and thus, Red Envelope, that Luxe Link is the owner of United States Patent No. 7,644,900, which covers the Luxe Link® product line.

  Luxe Link is extremely concerned about one or more of the activities and/or products sold by Red Envelope, to the extent that such activities and/or products are covered by some or all of the claims in the above-referenced Luxe Link patent. In particular, it has come to the attention of Luxe Link and this office that Red Envelope is manufacturing, advertising, distributing and/or selling a purse hanger product. It appears that your activities and/or product(s) may very well be encompassed by the claims in the Luxe Link patent.

  For your reference, I have attached hereto a copy of Luxe Link's patent.

  In addition to the attached U.S. Patent, we have also filed a continuation application (U.S. Patent Serial Number 12/566,574), on Luxe Link's behalf that includes claims having a slightly different scope than the allowed claims. This continuation application includes claims having language we also believe cover Red Envelope's activities and/or product(s) referenced above.

Red Envelope
January 12, 2010
Page 2

Moreover, you should note that Luxe Link has patents pending with claims substantially similar to those in the enclosed U.S. Patent in many countries throughout the world. We anticipate that these foreign patents will be granted within a relatively short time period.

Accordingly, I would request that you, your intellectual property attorney or another appropriate representative of Red Envelope contact me immediately or no more than 7 days from the date of this correspondence to discuss resolution of this potential infringement.

Certainly, if upon your review of the enclosed U.S. Patent you believe my analysis of your activities and/or product(s) is flawed or incorrect in any manner, please provide me with any facts or circumstances that you believe to be relevant, and I will give them my immediate attention.

I look forward to hearing from you at your earliest opportunity, but no more than 7 days from the date of this correspondence.

Very truly yours,

ROEDER & BRODER LLP

JAMES P. BRODER

JPB:dne
Enc.

cc:    Kalika Yap, Luxe Link, LLC (via e-mail)

# Exhibit G



CARR & FERRELL LLP
ATTORNEYS AT LAW

WRITER'S DIRECT DIAL NUMBER
(650) 812-3496
CSpringer@CarrFerrell.com

January 21, 2010

**Via Electronic Mail**
**Confirmation by Post**

James P. Broder
Roeder & Broder LLP
9915 Mira Mesa Blvd., Suite 300
San Diego, CA  92131

      Re:    *RedEnvelope : Luxe Link, LLC*
              **U.S. Patent No. 7,644,900**

Dear Mr. Broder:

I am writing in response to your December 30, 2009 letter to RedEnvelope, which is the operating name (d/b/a) of Provide Gifts, Inc.  Your December 30 letter concerned Luxe Link, LLC's purported ownership of U.S. patent number 7,644,900 (the '900 Patent) and RedEnvelope's sale of the Purse Hook product.  As an initial matter, I appreciate your courtesy of an extension until January 22, 2010 to respond to the aforementioned correspondence.  Please note that all future correspondence in this matter should be directed to my attention.

I first wish to inform you that RedEnvelope merely provides an Internet presence for the sale of the Purse Hook.  RedEnvelope did not design nor does it manufacture the Purse Hook.  The Purse Hook is manufactured and initially sold by an independent third-party; RedEnvelope merely resells the product in question.

Notwithstanding the fact that your query would be best directed to the actual manufacturer of the Purse Hook, I am sure that you are aware that to prove infringement of a valid patent claim requires the patentee to show that the accused device meets each and every limitation of said claim—either literally or under the doctrine of equivalents.  See *Deering Precision Instruments, L.L.C. v. Vector Distrib. Sys., Inc.*, 347 F.3d 1314, 1324 (Fed. Cir. 2003).  Having had the opportunity to more fully review the claims of the '900 Patent vis-à-vis the Purse Hook, RedEnvelope is unable to determine how the Purse Hook might be alleged to infringe any valid claim of the '900 Patent.  It appears that the Purse Hook fails to satisfy each and every claim limitation of any one of the independent claims of the '900 Patent.  To the extent that the Purse Hook

James P. Broder
Re: RedEnvelope : Luxe Link, LLC
January 21, 2010
Page 2 of 2

is found not to infringe an independent claim of the '900 Patent, any claim dependent from that independent claim is not infringed in that a dependent represents a more narrowly claimed embodiment of its independent base claim.

Should Luxe Link, LLC disagree with RedEnvelope's analysis concerning the '900 Patent, I would request that you provide me with appropriate claim charts identifying:

(1) each claim of the '900 Patent you contend is infringed by the Purse Hook;
(2) your interpretation of the respective claim language of the '900 Patent;
(3) the portion(s) of the '900 Patent specification and/or prosecution history providing support for that interpretation; and
(4) how the Purse Hook infringes each-and-every limitation of that claim in light of that interpretation.

In the absence of further correspondence, RedEnvelope will consider this matter mutually resolved.

If I can be of any further assistance, please do not hesitate to contact me.

Sincerely,

Colby B. Springer

# Exhibit H

# ROEDER & BRODER LLP

**Patents, Trademarks and Copyrights**

JAMES P. BRODER
jbroder@rbiplaw.com

9915 Mira Mesa Blvd., Suite 300
San Diego, California 92131

TELEPHONE
(858) 635-2142
FACSIMILE
(858) 635-9686

February 2, 2010

Colby Springer
CARR & FERRELL, LLP
2200 Geng Road
Palo Alto, CA 94303

Re:   Your Client:   Red Envelope
      Our Client:    Luxe Link, LLC
      Our File No:    30058.03.43

Dear Mr. Springer:

I am in receipt of and thank you for your letter dated January 21, 2010, regarding your belief that Red Envelope is not infringing on any of the claims in my client's U.S. Patent No. 7,644,900 (the '900 patent). Obviously, we beg to differ.

First, it appears that you are advancing a theory that Red Envelope can in no way be liable for patent infringement for sale of the Purse Hook because "Red Envelope merely resells the product in question." As I am sure you are aware, it is immaterial for purposes of patent infringement that a product is being "resold", as opposed to sold in the first instance. Rest assured that we are pursuing all similarly situated entities, as well as manufacturing companies that are making product that infringes the '900 patent.

Next, you have asked that I provide you with a detailed analysis concerning why we believe Red Envelope infringes the '900 patent. In other words, you have asked that I do your homework for you. Bear in mind that we are under no obligation to provide a claim by claim analysis as to why we believe Red Envelope is infringing the '900 patent. In fact, in order to avoid infringement by your client, it would seem that this is an analysis that would be best undertaken by your office. Notwithstanding you attempt to shift any pre-litigation burden back to my client, I am willing to provide the following information for you to consider.

Colby Springer
February 2, 2010
Page 2

For example, Claim 15 of the '900 patent requires the following features:

a base having a bottom surface and a perimeter, the bottom surface being adapted to contact the surface;

a plurality of links that form a chain having a first link and a last link, the first link being movably connected to the perimeter of the base, the chain being movable between (i) an operative configuration in which the chain forms a support structure that is adapted to suspend the article when the bottom surface of the base is in contact with the surface, and (ii) a stored configuration in which at least a portion of the chain is positioned generally adjacent the perimeter of the base; and

a locking means that selectively secures at least the portion of the chain against the perimeter of the base in the stored configuration, the locking means including a magnet.

It appears from an analysis of the Purse Hook being sold by Red Envelope that each and every one of the above-mentioned features is present on the product. I would also direct your attention to independent claims 18 and 20, as non-exclusive examples of independent claims having features that are included in the Purse Hook being sold by Red envelope.

In view of the above, the Purse Hook being sold by Red Envelope appears to infringe at least Claim 15 (as well as many others) of Luxe Links' '900 patent. Therefore, on behalf of Luxe Link, we hereby demand that Red Envelope cease and desist from activities constituting infringement, including making, using, selling, and offering for sale a Purse Hook as noted. While we hope that this matter is capable of resolution without resort to litigation, if we do not have your written assurance within ten (10) days that Red Envelope will cease such activities, Luxe Link will have no alternative but to seek recourse, as required, to stop the infringing activities.

Your written assurance to this effect is required within ten (10) days of the date of this letter.

Very truly yours,

ROEDER & BRODER LLP

JAMES P. BRODER

JPB:dne
cc:    Kalika Yap, Luxe Link, LLC (via e-mail)

# Exhibit I

# ROEDER & BRODER LLP
Patents, Trademarks and Copyrights

JAMES P. BRODER
jbroder@rbiplaw.com

9915 Mira Mesa Blvd., Suite 300
San Diego, California 92131

TELEPHONE
(858) 635-2142
FACSIMILE
(858) 635-9686

September 27, 2010

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Colby B. Springer
Carr & Ferrell LLP
2200 Geng Road
Palo Alto, CA 94303

Re:   Follow-up to Notice of Patent and Potential Infringement

Dear Mr. Springer:

This correspondence is in response to your recent letters dated September 16, 2010 addressed to Jessany Garrett, Esq. of Luxe Link, LLC (hereinafter "Luxe Link") and September 21, 2010 addressed to Kalika Yap of Luxe Link. First, please be assured that, as I believe you previously understood, this office represents Luxe Link, creator of the Luxe Link® purse hanger product line sold by Luxe Link in numerous countries around the world, including the United States. Additionally, based on your letters, I believe that you are also fully aware that Luxe Link is the owner of United States Patent No. 7,644,900 (hereinafter "Luxe Link patent"), which covers the Luxe Link® product line.

In addressing the substantive portion of your letters, I want to say that I am very surprised and disappointed that you do not appear to have a simple understanding of, or you are deliberately misrepresenting, certain basic aspects of patent law. It is clear that you are stalling in an attempt to delay any true resolution of this matter. Accordingly, I recommend that you seek the assistance of a registered patent attorney who, by definition, has a background in technology and understands basic patent law.

Patent law provides a patentee with the right to exclude others from making, using or selling any product that is covered by a patent. Accordingly, it is fully within the rights of Luxe Link to prevent the sale of any products that infringe the Luxe Link patent. As your client is clearly selling, and/or offering to sell, an infringing product, it is an act of infringement. Moreover, as your client is

Colby B. Springer
September 27, 2010
<u>Page 2</u>

continuing to sell a product covered by a patent that has been properly marked, your client is willfully infringing the Luxe Link patent.  So there is no misunderstanding, 35 USC 271(a) states:

(a) Except as otherwise provided in this title, **whoever without authority** makes, uses, **offers to sell, or sells any patented invention**, within the United States, or imports into the United States any patented invention during the term of the patent therefore, **infringes the patent**.

Based on the law as stated, it is clear that a party who sells a product covered by a patented invention is a direct infringer whether that party manufactures the product or not.  Your statement that this matter is best handled by the manufacturer of the Purse Hook is wrong and an attempt to misrepresent the state of the law.

Furthermore, for your convenience, I have attached a claim chart which demonstrates how at least one of Red Envelope's products infringes at least some of the claims of the Luxe Link Patent.  A quick review clearly demonstrates how the Purse Hook clearly infringes a number of claims of the Luxe Link patent.  A rudimentary analysis of the claims and one or more of the products offered for sale by Red Envelope on their website (www.redenvelope.com) provide a straightforward analysis showing patent infringement.

Therefore, my client demands that your client cease selling and offering for sale the Purse Hook and you provide a full accounting of all previous and continuing sales of the Purse Hook.  Should your client continue to sell the Purse Hook, my client will have no alternative but to enforce her patent under the law to the fullest extent possible.

Please respond to me at your earliest opportunity, but no more than seven (7) days from the date of this correspondence.

Very truly yours,

ROEDER & BRODER LLP

JAMES P. BRODER

JPB:swl/d
Enc.

cc:    Kalika Yap, Luxe Link, LLC (via e-mail)

US007644900B2

(12) **United States Patent**
Yap et al.

(10) Patent No.: **US 7,644,900 B2**
(45) Date of Patent: **Jan. 12, 2010**

(54) **PORTABLE HANGER FOR PURSE**

(75) Inventors: **Kallia N. Yap**, Santa Monica, CA (US);
**Catherine A. Mangan**, Dupont, PA (US)

(73) Assignee: **Luxe Link, LLC**, Santa Monica, CA (US)

(*) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 122 days.

(21) Appl. No.: **11/504,328**

(22) Filed: **Aug. 15, 2006**

(65) **Prior Publication Data**
US 2008/0042032 A1   Feb. 21, 2008

(51) Int. Cl.
*F16B 45/00* (2006.01)

(52) U.S. Cl. ............. 248/304; 248/308; 248/215; 248/914; 223/120

(58) Field of Classification Search ........... 248/215, 248/206.5, 304, 308, 324, 339, 914, 687, 248/690, 691, 692, 693; 223/120
See application file for complete search history.

(56) **References Cited**
U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 1,819,768 A | 8/1931 | Coffing | |
| 2,473,086 A * | 6/1949 | Montero | 248/308 |
| 2,490,465 A | 12/1949 | Bloom et al. | |
| 2,521,037 A * | 9/1950 | Brinton | 211/85.3 |
| 2,532,255 A * | 11/1950 | Davis | 248/215 |
| 2,631,803 A * | 3/1953 | Meyers | 248/215 |
| 2,692,108 A * | 10/1954 | Neivert | 248/215 |
| 3,289,985 A * | 12/1966 | Sheiman | 248/95 |

| | | | |
|---|---|---|---|
| 3,321,166 A * | 5/1967 | Gordon | 248/205.5 |
| 3,465,543 A * | 9/1969 | Baker | 63/15.5 |
| D229,870 S | 11/1974 | Czamy | |
| 3,860,210 A * | 1/1975 | Berardinelli et al. | 248/308 |
| 4,118,001 A * | 10/1978 | Setzer | 248/308 |
| 5,094,417 A | 3/1992 | Creed | |
| 5,898,505 S | 10/1997 | Stewart | |
| 5,905,018 A * | 4/1999 | Reib | 248/206.5 |
| 5,926,925 A * | 7/1999 | Hicks | 24/303 |
| D429,899 S | 8/2000 | Schwartz | |
| 7,516,929 B2 * | 4/2009 | Braeten et al. | 248/304 |
| 2005/0082319 A1 * | 4/2005 | Casnelli et al. | 223/120 |
| 2005/0161570 A1 * | 7/2005 | Bierly | 248/317 |
| 2006/0108497 A1 * | 5/2006 | Miranda | 248/690 |

OTHER PUBLICATIONS

Dangle-it, Author Unknown, http://dangle-it.com/index.html, Aug. 16, 2006.
PursePal, Author Unknown, http://purse-pal.com, Aug. 16, 2006.

* cited by examiner

Primary Examiner—Anita M King
(74) Attorney, Agent, or Firm—Roeder & Broder LLP; James P. Broder

(57) **ABSTRACT**

A portable hanger for hanging a purse from a table has a base adapted to rest upon and frictionally engage the table. A plurality of links are pivotally linked to each other in series to form a chain having a first link and a last link. A pivot pin pivotally connects the base and the first link of the plurality of links. The plurality of links are adapted for pivot between a stored configuration in which the plurality of links are positioned generally adjacent the perimeter of the base, and an operative configuration in which the plurality of links form a hook adapted for hanging the purse.

23 Claims, 3 Drawing Sheets



9. A hanger for hanging an object, the hanger comprising:

a base having a substantially planar bottom surface and a perimeter;

a plurality of links including a first link and a last link, the plurality of links being adapted to form a ring configuration so that the first and last link are selectively attached to the base, each link having a corresponding inner surface; and

a connector that connects the first link to the base so that the plurality of links can move between (i) an operative configuration in which the last link provides a support structure for hanging the object, and (ii) a stored configuration wherein the inner surfaces of the links about the perimeter of the base.

11. The hanger of claim 9 further comprising a locking means that selectively secures the plurality of links in the stored configuration.

12. The portable hanger of claim 11, wherein the locking means includes a magnet.

a base having a substantially planar bottom surface and a perimeter;

Perimeter

Base

Planar bottom

a plurality of links including a first link and a last link, the plurality of links being adapted to form a ring configuration so that the first and last link are selectively attached to the base, each link having a corresponding inner surface; and

First link is attached to the base via the post and the last link attaches to base with opposing magnets

Plurality of links

The links are curved and form a ring around the base in the stored position.

First link

Inner surface

Last link



a connector that connects the first link to the base so that the plurality of links can move between (i) an operative configuration in which the last link provides a support structure for hanging the object, and (ii) a stored configuration wherein the inner surfaces of the links about the perimeter of the base.

Connector



The inner surfaces of the link wrap around the base in the stored position

Last link is a hook for hanging a purse in the operative configuration

11. The hanger of claim 9 further comprising a locking means that selectively secures the plurality of links in the stored configuration.

12. The portable hanger of claim 11, wherein the locking means includes a magnet.



Locking means which are opposing magnets which secures the links around the perimeter in the stored configuration.

In one embodiment, the locking means includes first and second magnets 60 and 62 that magnetically lock the plurality of links 30 in the stored configuration. In one embodiment, the first magnet 60 is mounted on the perimeter 26 of the base 20, and the second magnet 62 is mounted on one of the plurality of links 30, such as the concave inner surface 44 of one of the links 30. While one embodiment is illustrated, other embodiments should also be considered within the scope of the present invention. For example, multiple magnets could be used in various operative locations. Furthermore, while magnets are currently preferred, other forms of snaps, clips, friction-locks, or other features or locking mechanisms could be used, and such alternatives should be considered within the scope of the locking means. Column 3, lines 33-47.

Exhibit J

carr/ferrell LLP

ATTORNEYS AT LAW

WRITER'S DIRECT DIAL & EMAIL
(650) 812-3496
CSpringer@CarrFerrell.com

October 25, 2010

**Via Electronic Mail Only**

James P. Broder
Roeder & Broder LLP
9915 Mira Mesa Blvd., Suite 300
San Diego, CA  92131

Re:    *RedEnvelope : Luxe Link, LLC*
       **U.S. Patent No. 7,644,900**

Dear Mr. Broder:

Thank you for your patience with respect to our response to your most recent correspondence.  Further, we thank you for finally providing claim charts setting forth your contention that RedEnvelope is infringing U.S. patent number 7,644,900 (the '900 Patent).  RedEnvelope has carefully reviewed these assertions and maintains its previous contention that the '900 Patent is not infringed by the RedEnvelope purse hook product.  RedEnvelope also has serious concerns as to the validity of the '900 Patent and is in possession of prior art believed to evidence both the anticipation and obviousness of the claims identified in your charts.

Notwithstanding the foregoing, RedEnvelope appreciates that to prove the non-infringement or invalidity of the '900 Patent will incur significant time and resources—of both parties.  This is a distraction and expenditure that RedEnvelope would prefer not to incur at the present time.  RedEnvelope, therefore, requests that Luxe Link LLC propose the general terms of a license to the '900 Patent or, alternatively, the identity of a licensed manufacturer of purse hook products from which RedEnvelope may acquire future inventory thereby obviating any future allegations of infringement of the '900 Patent.  Upon receipt of such information, RedEnvelope proposes a face-to-face meeting with Ms. Yap to discuss a business resolution of this matter.

I look forward to a reply at your convenience.

Sincerely,

Colby B. Springer

Exhibit K

# ROEDER & BRODER LLP

**Patents, Trademarks and Copyrights**

JAMES P. BRODER
jbroder@rbiplaw.com

9915 Mira Mesa Blvd., Suite 300
San Diego, California 92131

TELEPHONE
(858) 635-2142
FACSIMILE
(858) 635-9686

December 20, 2010

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Colby B. Springer
Carr & Ferrell LLP
2200 Geng Road
Palo Alto, CA 94303

Re:    Follow-Up Notice of Patent and Potential Infringement

Dear Mr. Springer:

This correspondence is in follow-up to our previous communications regarding the potential infringement of United States Patent No. 7,644,900 (hereinafter "Luxe Link patent") by Red Envelope.

As stated previously, Luxe Link LLC (hereinafter "Luxe Link") is extremely concerned about one or more of the activities and/or products sold by Red Envelope, to the extent that such activities and/or products are covered by some or all of the claims in the above-referenced Luxe Link patent.  Despite the repeated demands of Luxe Link, a recent search online appears to demonstrate that Red Envelope is still continuing to manufacture, advertise, distribute and/or sell one or more purse hanger products, wherein such activities and/or product(s) may very well be encompassed by the claims in the Luxe Link patent.  For example, one or more of the products being offered for sale and/or that have been sold by Red Envelope on the website www.redenvelope.com, e.g., one or more products entitled Purse Hook, appear to include each and every feature of one or more claims of the Luxe Link patent (for example, see at least claims 9, 11 and 12).

To further move this matter toward a positive resolution, I again strongly recommend that you seek the assistance of a qualified patent attorney.  Certainly, if upon a full and comprehensive review of the Luxe Link patent you believe our analysis of your activities and/or product(s) is flawed or incorrect in any manner, please provide us with any facts or circumstances that you believe to be relevant, and we will give them our immediate attention.  Absent a good faith belief based on such comprehensive review that Red Envelope is not infringing the

Colby B. Springer
December 20, 2010
Page 2

Luxe Link patent, the activities and/or product(s) of Red Envelope could be potentially construed by a court or jury to be "willful infringement".

Accordingly, to avoid legal action, my client again demands that Red Envelope immediately cease and desist all selling and offering for sale of any and all purse hanger products that are infringing the Luxe Link patent and confirm that this has been done.  Additionally, my client demands that Red Envelope provide evidence of the destruction of the remaining inventory of any infringing products.  Further, my client again demands that Red Envelope provide a full accounting of all previous and continuing sales of such infringing purse hanger products since the date of issuance of the Luxe Link patent.

Please contact me immediately so that we may work toward a positive resolution of this matter.

Very truly yours,

ROEDER & BRODER LLP

JAMES P. BRODER

JPB:dne

cc:    Kalika Yap, Luxe Link, LLC (via e-mail)

# Exhibit L

# ROEDER & BRODER LLP

Patents, Trademarks and Copyrights

JAMES P. BRODER
jbroder@rbiplaw.com

9915 Mira Mesa Blvd., Suite 300
San Diego, California 92131

TELEPHONE
(858) 635-2142
FACSIMILE
(858) 635-9686

January 7, 2011

Colby B. Springer
Carr & Ferrell LLP
120 Constitution Drive
Menlo Park, CA 94025-1107

Re:    Follow-Up Notice of Patent and Potential Infringement

Dear Mr. Springer:

This correspondence is in follow-up to our previous communications regarding the potential infringement of United States Patent No. 7,644,900 (hereinafter "Luxe Link patent") by Red Envelope.   In particular, this correspondence is in response to your letters dated October 25, 2010 and January 5, 2011.

In response to the request regarding licensing, as noted in your letter of October 25, 2010, please be advised that Luxe Link LLC (hereinafter "Luxe Link") is not interested in entering any type of licensing agreement with Red Envelope at this time.  However, in the alternative, Luxe Link is willing to sell any Luxe Link products to Red Envelope at wholesale prices, which would then enable Red Envelope to resell the Luxe Link products.  Please let me know if such offer would be of any interest to your client.

Regardless of whether Red Envelope is interested in purchasing any Luxe Link products directly from Luxe Link, my client herein reiterates their demand that Red Envelope immediately stop selling and offering for sale of any and all purse hanger products that are infringing the Luxe Link patent and confirm that this has been done.  Additionally, my client again demands that Red Envelope provide evidence of the destruction of the remaining inventory of any infringing products. Further, my client further reiterates their demand that Red Envelope provide a full accounting of all previous and continuing sales of such infringing purse hanger products since the January 12, 2010 date of issuance of the Luxe Link patent.

Colby B. Springer
January 7, 2011
<u>Page 2</u>


      Red Envelope has delayed long enough.  Please contact me immediately so that we may work toward a positive resolution of this matter.


                  Very truly yours,

                  ROEDER & BRODER LLP

                  JAMES P. BRODER

JPB:dne

cc:    Kalika Yap, Luxe Link, LLC (via e-mail)